UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
    Plaintiff,

Case No. 19-cr-20498
Hon. Paul D. Borman

-vs-

**JASON KECHEGO,**
    Defendant.
_____/

## MOTION FOR ATTORNEY CONDUCTED VOIR DIRE, ACCESS TO JURY QUESTIONNAIRES AND A SUPPLEMENTAL JUROR QUESTIONNAIRE

Defendant Jason Kechego, by and through counsel, Henry M. Scharg, moves this Court for Attorney Conducted Voir Dire, Access to Jury Questionnaires and for a Supplemental Juror Questionnaire, for the following reasons:

1. Defendant Kechego is charged in five counts of the First Superseding Indictment, as follows: Count One, First Degree Premeditated Murder, Aiding and Abetting, *18 U.S.C. §1111(a)*; Count Two, Conspiracy to Commit First Degree Premeditated Murder, *18 U.S.C. §1117*; Count Three, Assault with Intent to Commit Murder, Aiding and Abetting, *18 U.S.C. §113(a)(1)*; Count Four, Assault Resulting in Serious Bodily Injury, *18 U.S.C. §113(a)(6)*; Count Five, Assault

-1-

Resulting in Serious Bodily Injury; Aiding and Abetting *18 U.S.C. §113(a)(6)*; (Doc. #123).

2. That attorney conducted voir dire, access to juror questionnaires, and the use of a supplemental juror questionnaire as part of the jury selection process is within the discretion of the Court as provided by the Fifth and Sixth Amendments to the United States Constitution, and guarantees the right to a fair and impartial jury.[1]

3. The use of a supplemental juror questionnaire prior to jury selection is an effective method of obtaining background information, as well as critical important personal information, and minimizes embarrassment and inconvenience to potential jurors.

4. The supplemental jury questionnaire is an effective mechanism that will allow counsel and/or the Court to follow-up on areas that raise a potential challenge for cause.

5. A supplemental jury questionnaire will benefit the government as well as the defense. Both the government and the defense have the right to intelligently exercise their precious preemptory challenges. This is especially true in a multi-

---

[1] This principle was articulated in Thiel v Southern Pacific Company, 328 U.S. 217, 220 (1946)

defendant case where there is a multitude of factors that must be taken into consideration before using a preemptory challenge.

6.  Per the Local Court Rule, defense counsel has sought concurrence of the attorneys for the government, Andrew Picek and Francis Carlson, who do not oppose the relief sought in this motion, and do not object to the Court deciding this motion without a hearing.

**WHEREFORE**, for the following reasons, Defendant Kechego requests this Court grant his motion for attorney conducted voir dire, grant access to jury questionnaires and to allow for a supplemental jury questionnaire.

                                              Respectfully submitted,

                                              <u>Henry M. Scharg (P28804)</u>
                                              Attorney for Jason Kechego
                                              30445 Northwestern Hwy., Suite 225
                                              Farmigton Hills, Michigan 48334
                                              Phone:  (248)596-1111
                                              hmsattyatlaw@aol.com

Dated: June 30, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
    Plaintiff,　　　　　　　　　　　Case No. 19-20498
-vs-
　　　　　　　　　　　　　　　　　　Hon. Paul D. Borman
JASON KECHEGO
    Defendant

**BRIEF IN SUPPORT OF MOTION
FOR ATTORNEY CONDUCTED VOIR DIRE,
ACCESS TO JURY QUESTIONNAIRES
AND FOR A SUPPLEMENTAL QUESTIONNAIRE**

The Sixth Amendment secures to criminal defendants the right to trial by an impartial jury. *Irwin v. Dowd, 366 U.S. 717, 722 (1961)*; *United States v. Nell, 526 F.2d 1223, 1229 (5th Cir. 1976)* ("At stake is [Petitioner's] right guaranteed by the Sixth Amendment to an impartial jury; the principal way this right is implemented is through the system of challenges exercised during voir dire of prospective jurors.")

Generally speaking, the procedures employed in conducting voir dire is an area in which the court enjoys wide discretion, subject to essential demands of fairness. See *Dennis v. Mitchell, 354 F.3d 511, 524 (6th Cir. 2003)*. While *Rule 24(a)(1)* of the Federal Rules of Criminal Procedure and the decisional law in

general give a broad range of discretion to a trial court in formulating the actual procedures under which jury selection is to take place, ("a trial court may permit the attorneys for the parties to conduct the examination) there is at bottom a judicial duty to do what is "reasonably practicable to enable the accused to have the benefit of the right of peremptory challenge or to prevent unfairness in the trial." *Baily v. United States, 53 F.2d 982, 984 (5th Cir. 1931)*. There is little question today that voir dire is a critical stage of the criminal proceeding. *Swain v. Alabama, 380 U.S. 202, 219 (1965)*; *Lewis v. United States, 146 U.S. 370, 374 (1892)* and that voir dire is an integral part of a defendant's Sixth Amendment right. *Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981)*. As the Eighth Circuit Court of Appeals observed in *United States v. Bear Runner, 502 F.2d 908, 911 (8th Cir. 1974)*, "a searching voir dire is a necessary incident to the right to an impartial jury."

In the federal system, the voir dire process is often quite limited, indeed, often the judge assumes all responsibility for questioning the prospective jurors. See 9 Moore's Federal Practice §47.10[3][e][i] (3rd Ed. 2006); *United States v. Banks, 687 F.2d 967, 974 (7th Cir. 1982)*. Regardless of whether the court or counsel for the defendant conduct voir dire, the judge has broad discretion in determining what questions will be asked during voir dire. *Ristaino v. Ross, 424*

*U.S. 589. 594-595 (1976)*; *Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981)*. Regardless of the trial court's broad discretion in the conduct of voir dire, it is nevertheless "subject to essential demands of fairness." *Wolfe v. Brigano, 232 F.3d 499, 526 (6th Cir. 2000)*; *United States v. Johnson, 584 F.2d 148, 155 (6th Cir., 1978), cert den, 440 U.S. 918 (1979)*; *United States v. McAnderson, 914 F.2d 934, 942 (7th Cir. 1990)*.

When allowed, the courts have permitted the parties to conduct only limited voir dire. However, this procedure does not ensure that prospective jurors are not struck for improper reasons. With limited voir dire, the parties do not have enough information about the individual jurors to base their peremptory strikes on anything other than stereotypes. Where, as here, the case has been subjected to adverse pretrial publicity, the trial court should allow for a "searching questioning of potential jurors . . . to screen out those with fixed opinions as to guilt or innocence." *Nebraska Press Assn. v. Stuart, 427 U.S. 539, 564 (1976)*.

The purpose of voir dire is to allow the parties to select jurors who can genuinely be fair and impartial. As the Supreme Court recognized "[p]reservation of the opportunity to prove actual bias is a guarantee of a defendant's right to an impartial jury." *Dennis v. United States, 339 U.S. 162, 171-72 (1950)*, the impaneling of a biased juror warrants a new trial. *Johnson v. Armontouti, 961 F.2d*

748, 754 (8*th* Cir. 1992). This can best be done by allowing the parties to learn about the backgrounds and relevant views of each prospective juror. By conducting a thorough and searching voir dire of prospective jurors, the parties can intelligently exercise their peremptory challenges based upon characteristics of the individual juror. "[A] trial lawyer's judgments about a juror's sympathies are sometimes based on experienced hunches and educated guesses, derived from a juror's responses at voir dire..." *J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 148 (1994)* (O'Connor, J., concurring). Without adequate voir dire, the defendant knows virtually nothing about a prospective juror other than what he can see-- gender, race and other personal characteristics unrelated to that individual's capacity for responsible jury service. However, as discussed supra, to strike a prospective juror on the basis of race or gender violates that juror's constitutional rights.

In this case, given the government's allegations, there exists a multitude of critical areas that should be explored (criminal organization, gangs, rap videos, assault, threats, robbery, murder, drugs, etc.) that individual examination by the attorneys is necessary. *United States v. Starks, 515 F.2d 112, 125 (3rd Cir. 1975).* Also, Defendant Kechego seeks the entry by this Court of an order permitting him access to the jury questionnaires maintained by the jury clerk. This is not an

uncommon procedure in this District, but requires a specific order to be entered in order to effectuate it.

Finally, Defendant Kechego asks the Court to circulate a supplemental questionnaire which seeks background information from each of the members of the jury panel from which the trial jury will be drawn. This procedure has been used in many cases tried in various District Courts, and may well be familiar to this Court. *Fed. R. Crim. P. 24 (a)(2)* provides that if the court conducts the examination of jurors, the court is required to permit the parties to "submit further questions that the court may ask if it considers them proper." It is particularly appropriate in a multi-defendant trial, and has been shown to streamline the voir dire process while providing a wealth of information in a non-intrusive manner. The use of such questionnaires provides a simple and effective way in which to get a great deal of basic information before the court and counsel for both sides in a manner which does not consume a great deal of court time. While content questions might be helpful, the supplemental questionnaires sought here are constitutionally compelled since the failure to ask these probing questions will render Defendant Kechego's trial fundamentally unfair. See *Ross v. Oklahoma, 487 U.S. 81, 88 (1988)*; *United States v. Fish, 928 F.2d 185, 186 (6th Cir. 1991)*

(Judge must use questions submitted by the parties to which an anticipated response would afford a basis for a challenge for cause.

The procedure requested involves the circulation, prior to actual *voir dire*, of the questionnaires to all the members of the panel from which the jury will be drawn. When the questionnaires are filled out, they are duplicated and a copy is furnished to the Court and counsel for the government and the defense, for use and reference during voir dire. Through this procedure, the questions which are put in writing need not be asked of the jurors during the voir dire procedure, but individual answers which may call for further explanation can be pursued.

**WHEREFORE**, for the foregoing reasons, Defendant Jason Kechego, requests this Honorable Court grant this motion for attorney conducted voir dire, grant access to jury questionnaires and grant a supplement questionnaire.

> Respectfully submitted,
>
> Henry M. Scharg (P28804)
> Attorney for Jason Kechego
> 30445 Northwestern Hwy., Suite 225
> Farmington Hills, Michigan 48334
> Phone: (248) 696-1111
> hmsattyatlaw@aol.com

Dated: June 30, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
    Plaintiff,

-vs-

**JASON KECHEGO,**
    Defendant.

Case No. 19-cr-20498

Hon. Paul D. Borman

## CERTIFICATE OF SERVICE

I hereby certify that on the June 30, 2021, I electronically filed the foregoing pleadings with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

    Respectfully submitted,

    Henry M. Scharg (P-28804)
    Attorney for Jason Kechego
    30445 Northwestern Hwy., Suite 225
    Farmington Hills, Michigan 48334
    Phone: (248) 596-1111
    E-Mail: hmsattyatlaw@aol.com

Dated: June 30, 2021