UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA
                    Plaintiff,

                                            Case No. 19-20498
        -vs-                                Hon. Paul D. Borman


ALEX ALBERT CASTRO and
JASON KECHEGO.
                    Defendants


## DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE CERTAIN TESTIMONY BY DEFENDANTS' EXPERT, R. TIM GRAVETTE


        NOW COMES Defendants Alex Albert Castro and Jason Dale

Kechego, by and through their  attorneys, Michael Rataj and Henry M.

Scharg, and hereby respectfully respond to the Government's Motion to

Preclude Certain Testimony by  Expert, R.Tim Gravett.  As grounds thereof,

counsel for counsel for the defendants state the following:

        Rule 702 of the Federal Rules of Evidence permits the defendants to

utilize "a witness qualified as an expert by knowledge, skill, experience,

training or education" to help the jury understand the evidence or to

determine a fact in issue."  The defendants notified the government that R. Tim Gravette is an expert in the practices, policies, and procedures of the Bureau of Prisons "BOP" as well as the practices, culture, and behaviors of inmates incarcerated in the Bureau of Prisons.  Mr. Gravette worked for the "BOP" for twenty years, including as an Associate Warden for over 9 years. Mr. Gravette certainly qualifies as an expert and his testimony will assist the jury.

The defense seeks to have Mr. Gravette testify as an expert on BOP policies and procedures.  In addition, Mr. Gravette will testify regarding practices, culture, and the behaviors of inmates incarcerated in BOP prisons and detention centers.  Mr. Gravette's testimony is relevant and reliable, and the probative value of his testimony would not be substantially outweighed by the danger of unfair prejudice.  Contrary to the government contention, expert testimony regarding BOP policies and practices is not precluded by the parties' stipulation (*ECF No. 230*), but only evidence regarding the "action or inaction"  or "remedial actions" by the BOP.  Obviously, the government is attempting to create an issue that does not exist!

The defense has no intention of presenting expert testimony to support the argument and inference that the "BOP" was negligent or should have taken some action to prevent the attacks on other inmates, but Mr.

Gravette's testimony nevertheless is relevant to and admissible to show the defendants' actions, state of mind and motive, which are always relevant in a criminal trial, even if it is not an element of the crime. See *United States v Hill, 643 F.3rd 807, 843 (11th Cir. 2011)*. Mr. Gravette will describe the atmosphere of a federal institution and the moral code and related culture of inmates within such institution. This evidence is inextricably intertwined with the crimes charged and should be presented to the jury to complete the story of the crime.

Finally, Mr. Gravette does not intend to testify about the defendants' mental state, including whether the defendants had the intent to kill or whether he acted with premeditation or malice aforethought. Mr. Gravette will not opine how the evidence would negate any element of the crime charged, but will offer expert testimony that will put the fatal stabbing in context. See *United States v Roberts, 548 F.2d 665, 667 (6th Cir. 1977)*, where the Court held that the jury is entitled to know the setting of a case, and that it cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the acts which form the basis of the charge.

WHEREFORE, for the foregoing reasons, Defendants Alex Albert Castro and Jason Dale Kechego respectfully request that this Court

deny the Government's Motion to Preclude Certain Testimony By Expert R.

Tim Gravette, during this trial for the reasons stated in this submission.

Respectfully submitted:

/s/ Michael Rataj
Attorney for Alex Albert Castro

/s/ Henry M. Scharg
Attorney for Jason Dale Kechego

Dated: July 1, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
                    Plaintiff,

                                              Case No. 19-cr-20498
        -vs-                                  Hon. Paul D. Borman

ALEX ALBERT CASTRO and
JASON DALE KECHEGO.
_____ Defendants

CERTIFICATE OF SERVICE

        I hereby certify that on July 1, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                              Respectfully Submitted:

                              /s/ Henry M. Scharg (P28804)
                              Attorney for Defendant Kechego
                              30445 Northwestern Hwy, Suite 225
                              Farmington Hills, MI 48334
                              Phone; (248) 596-1111
                              E-mail: hmsattyatlaw@aol.com